SPRATT, Plaintiff in error *v.* WEBB.

The *Stat.* 1797. *ch.* 50. [*Revised Statutes ch.* 59. *sec* 7.] authorizing judgment in certain cases against an absent defendant at the *second* term, does not apply to a process of foreign attachment ; but in such process, if the principal be absent, the cause *shall* be continued till the *third* term, by *Stat.* 1794. *ch.* 65. *sec.* 2. [*Revised Statutes ch.* 61. *sec.* 3.]

Upon a *writ of error* to the Circuit Court of Common pleas the case was thus :

*Webb*, the defendant in error, had sued out a writ of foreign attachment against *Spratt* the present plaintiff, who was an inhabitant of this State but then absent from it, and summoned one *N. S.* as trustee of his effects.

The supposed trustee appeared at the *first term*, and being examined on oath, was adjudged not trustee and discharged; and the principal being still out of the State, the action was continued as to him until the *second term*, at which time judgment was rendered against him upon default. ,

The error assigned was that the judgment was rendered against the principal without *two continuances* of the action, he being absent from the State at the time of service and until after the rendition of judgment. Plea, *in nullo est erratum.*

Mellen C. J. after stating the facts, delivered the opinion of the Court as follows :—By comparing the statutes relating to this subject, we are to determine whether the Court could legally enter the default and judgment at the *second term*. If not, the judgment must be reversed.

In the second section of the *Stat.* 1794. *ch.* 65. it is provided " that if the principal shall be absent from the Commonwealth " when such writ shall be served, the Court *shall* continue the

Spratt v. Webb.

" action *two terms*, that he may have notice, unless the principal
" after the service of the writ, and before the sitting of the Court,
" shall have come into the Commonwealth; in which case it
" shall be in the discretion of the Court whether to continue the
" action or not. And when the principal *does not appear* in his
" own person nor by attorney, to answer to such suit, the trus-
" tees or any of them, *having goods, effects or credits of the princi-*
"*pal in his or their hands, or possession*, may appear in his behalf,
" and in his name plead, pursue, and defend to final judgment
" and execution." By the *Stat.* 1798. *ch.* 5. it is provided that
when all the supposed trustees *shall be discharged*, &c. " the
" plaintiff shall not proceed in his suit against the principal, un-
" less there shall have been such a service of the original writ
" upon the *principal*, as would have authorized the Court to pro-
" ceed to render a judgment against him in an action brought
" and commenced against him *in the common and ordinary mode of*
"*process*." And by the *Stat.* 1797. *ch.* 50. which regulates the
service in cases of *common and ordinary process*, it is provided
that in case of the defendant's absence from the Commonwealth
at the time of service and until the session of the Court, then the
Court *shall* continue the action to the *next term*, on a suggestion
of the fact being made on the record; " and if the defendant,
" whose absence was noted on the record, shall not then appear
" by himself or attorney, and be so remote that the notice of
" such suit pending could not probably be conveyed to him or
" her during the vacancy, the said Court *may* further continue
" the action to the *next term*, and no longer." By the *first* sec-
tion of the *Stat.* 1794, it will be seen that in certain cases a ser-
vice on the *alleged trustee* is made and declared to be a sufficient
service on the *principal*, though the trustee should be discharg-
ed. This being found to be an unwise provision, it was altered
and modified as appears in the above cited passage of *Stat.* 1798.
*ch.* 5.

On this comparison of the statutes relating to this subject, it
has been contended by the counsel for the defendant that the
second section of the act of 1794 should be considered as con-
templating cases where the writ has not been *in any manner*
served on the principal, and those cases where the trustee has
disclosed goods effects and credits of the principal in his hands,

Spratt *v.* Webb.

and has been adjudged trustee; but no other cases. And it is urged that the section seems to have no relation to the case where the trustee has appeared at the *first term* and been *discharged;* and that after the discharge of the trustee in the case at bar, the action should be considered as a common and ordinary process; and as a legal service for *such* process had been made on the principal, it was competent for the Court so to consider it, and render judgment at the *second* term, if they thought proper, as in cases of ordinary process. We have examined this argument, and the clauses of the statutes above cited, with a desire to find the construction which the counsel has given to be correct, so that we might leave the judgment undisturbed. But we have not been able to arrive at this conclusion.

The language of the *Stat.* 1794. *ch.* 65. *sec.* 2. is *unequivocal* and *imperative,* that a trustee process shall be continued *two terms,* unless the principal shall come into the State after the service and before the return term of the Court. The provision of the *Stat.* 1797. in cases where the supposed trustees are discharged, that the plaintiff shall not proceed in his suit against the principal unless there has been a good *common* service on him, only limits the rights granted to the plaintiff by the *first* section of the *Stat.* 1794, and authorizes him to *proceed in his suit* against the principal where there has been a good *common service;* but it does not authorize him or the Court to proceed till the *third term;* in other words, the *second* section of the *Stat.* 1794. *ch.* 65. remains in full force, still requiring two continuances. Thus the statutes are consistently explained. If no good reason could be assigned why the Legislature should have required the continuance of a trustee-action two terms in all cases, still we are bound by this positive provision. Perhaps, however, there is quite as much reason why such a cause should be continued two terms, when there is no trustee, he being discharged at the first or second term, as there is when he is not discharged. The principal is safer, when there is an honest trustee who may appear for him, than when he has neither any knowledge of the suit, nor a person who can legally answer for him. Perhaps also two continuances are required in these cases. to prevent fraud between the alleged trustee and the creditor, which might be perfected before the principal could have notice.

unless two continuances were always entered. But without looking for the precise *reasons* of the law in this case, it is enough that such *is* the law. As this is a trustee process, and as a default and judgment were entered at the *second* term, the proceeding is erroneous, and accordingly the

*Judgment is reversed.*

*Bond* and *Leach* for the plaintiff in error.

*Buckminster* for the defendant in error.